# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| **Cameron Hartl and Shelly Hartl,** | ) |
| **Plaintiffs** | ) |
| | )    **Case No.:** 08-CV-2018 KHV/DJW |
| **V.** | ) |
| **Equifax, Inc. and Equifax Information** | ) |
| **Services, LLC** | ) |
| **Defendants** | ) |

## COMPLAINT

Plaintiffs Cameron Hartl and Shelly Hartl (hereafter collectively "Hartls"), by counsel, for its Complaint against Defendants allege and state:

### Parties

1. Cameron Hartl is a Kansas resident, with a principal residence of 9405 Greenway Lane, Lenexa, KS 66215.

2. Shelly Hartl is a Kansas resident, with a principal residence of 9405 Greenway Lane, Lenexa, KS 66215.

3. Equifax, Inc. (hereafter "Equifax") is a Georgia corporation, registered and authorized to do business in Kansas, and which may be served through its registered agent Prentice-Hall Corporation System, 200 S.W. 30th Street, Topeka, KS 66611.

4. Equifax Credit Information Services, LLC (hereafter "Equifax, LLC"), is a Delaware limited liability corporation, registered and authorized to do business in Kansas, and which may be served through its registered agent Corporation Service, Co., 200 S.W. 30th Street, Topeka, KS 66611.

### Jurisdiction and Venue

5. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Federal Fair Credit Reporting Act) and 15 U.S.C. § 1666 (Federal Fair Credit Billing Act) and for violations of the Kansas FCRA, K.S.A. 50-701 to 50-722, and common law torts.  The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. 1367.  Thus, this court has jurisdiction over the subject matter of this case.

6. Each Defendant does business in Kansas and the Plaintiffs reside in Kansas.  Thus, Venue and personal jurisdiction also exist in this court.

## **Nature of the Case**

7. Upon information and belief, Equifax and Equifax LLC are each a "consumer reporting agency" as defined in 15 U.S.C. §1681(f). Upon information and belief, each is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Upon information and belief, Equifax and Equifax LLC each disburse such consumer reports to third parties under contract for monetary compensation.

9. In 1998, Cameron Hartl at lived at 10169 Haskins, Lenexa, KS 66215. Cameron Hartl lived with his brother Chris Hartl for a period of time at that address. Cameron Hartl and Chris Hartl's social security numbers are identical except the last four numbers of Cameron Hartl's social security number is 3461, while Chris Hartl's last four numbers are 3416.

10. In March 1998, Cameron Hartl applied for a loan to purchase a car. At this time, he was informed that the credit report showed defaults and other problems that were Chris Hartl's issues. Cameron Hartl communicated with Equifax and Equifax LLC in a letter dated March 11, 1998 requesting that each not confuse him with his brother.

11. As a result of Cameron Hartl's efforts in March 1998, he believed the confusion with his brother was resolved. He was wrong.

12. In July of 1998, Cameron Hartl discovered that Chris Hartl's information was on his credit report as he worked on gaining financing for the purchase of a home. Cameron Hartl again documented the errors and at the time believed the problems had been remedied.

13. Despite the efforts in July 1998, the same errors appeared in November 1998, which required more leg work to clear up.

14. In October 2001, Cameron Hartl was working on refinancing his mortgage. Amazingly, Chris Hartl's credit information again appeared in a report from Equifax and Equifax LLC, and others. Cameron Hartl worked with each company to clear up the problem. Cameron was able to refinance his home in March 2003 after clearing up the issues related to Chris Hartl's data being on his report, but he had to pay higher fees and interest rates.

15. In May 2004, Cameron Hartl and Shelly Hartl purchased a new home. For the time being, it appeared that the credit agencies had corrected the problem related to including Chris Hartl's data on Cameron Hartl's credit report.

16. In 2005 the Hartls filed for and received a discharge of certain debts in bankruptcy. The Hartls debts to Ford for a van, to Chrysler for a van, student loans, and the mortgage on the Hartl's residence were all assumed in full and were not discharged in the bankruptcy proceeding.

17. In March of 2006, the Hartl's applied to refinance the mortgage on their home. Incredibly, they discovered that Chris Hartl's data was found on credit reports from Equifax and Equifax LLC. Further, the debts discharged in the bankruptcy from 2005 were not accurately reported.

18. In response, the Hartls submitted written requests to the defendants to clear up the issues.

19. As of September 2006, all defendants had pulled Chris Hartl's data from Cameron Hartl and Shelly Hartl's credit report.  However, this did not last long.

20. In October 2006, the Hartls again applied for refinancing of their home.  Chris Hartl's information again appeared on the credit reports provided by Equifax and Equifax, LLC.  The information on the 2005 bankruptcy was not accurate.

21. Counsel for the Hartl's made a demand on Equifax in August of 2007 to clear up the report for the Hartls.  Counsel for Equifax indicated it was taking steps to clean up the reports.

22. As of December 5, 2007 Equifax and Equifax, LLC are reporting that Cameron's Hartl's birth date is his brothers (Chris') birth date.  Further, the defendants list accounts that are negative factors on the plaintiffs credit score from Swisscolon, HSBCVV, Arrow Service, Amex and two accounts from Peoles bank that are Chris Hartl's not Cameron's.  See Exhibit 1.

23. As of December 5, 2007, the Hartl's credit score with Equifax and Equifax, LLC was 626.  The score with Experian was 697.  See Exhibit 2.

24. To the best of the Hartl's knowledge the Experian report does not include the bad information that is included in the Equifax report noted in Exhibit 1.

25. The Hartls have repeatedly attempted to clarify there credit scores.  The defendants have failed to correct the problem.


### Count I

### Violation of Fair Credit Reporting Act-Failure to Establish Reasonable Procedures

For Count I of their Complaint against Equifax and Equifax LLC, the Hartls state:

26. Each allegation above is incorporated into Count I.

27. Equifax and Equifax LLC each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs.

28. As a result of this conduct, action and inaction of these defendants, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

29. Each defendant's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover pursuant to 15 U.S.C. §1681o.

30. The Plaintiffs are entitled to recover costs and attorney's fees from all of these defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

Therefore, Plaintiffs demand judgment against Equifax and Equifax LLC for compensatory, statutory and punitive damages under Count I, for Plaintiffs' reasonable attorney fees and costs, for prejudgment and post judgment interest at the legal rate, and such other relief the court deems appropriate, all jointly and severally.

## Count II

### Violation of Fair Credit Reporting Act-Failure to Correct Inaccuracies and to Reinvestigate

For Count II of their Complaint against Equifax and Equifax LLC, the Hartls state:

31. Plaintiff realleges and reasserts each paragraph above in Count II.

32. Equifax and Equifax LLC each violated 15 U.S.C. §1681i(a) on multiple occasions by failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies and conducting a reinvestigation and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

33. As a result of this conduct, action and inaction of each defendant the Plaintiffs suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

34. Each defendant's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover pursuant to 15 U.S.C. §1681o.

35. The Plaintiffs are entitled to recover costs and attorney's fees from each defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

Therefore, Plaintiffs demand judgment against Equifax and Equifax LLC for compensatory, statutory and punitive damages under Count II, for Plaintiffs' reasonable attorney fees and costs, for prejudgment and post judgment interest at the legal rate, and such other relief the court deems appropriate, all jointly and severally.

## Count III- Kansas FCRA (K.S.A. § 50-701 et. Seq.)

For Count III of their Complaint against Equifax and Equifax LLC, the Hartls state:

36. Plaintiff realleges and reasserts each paragraph above in Count III.

37. Equifax and Equifax LLC each violated the Kansas FCRA by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs.

38. Equifax and Equifax LLC each violated the Kansas FCRA on multiple occasions by failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies and conducting a reinvestigation and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

39. As a result of this conduct, action and inaction of each defendant the Plaintiffs suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

40. Each defendant's conduct, action and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court. In the alternative, it was negligent entitling the Plaintiff to recover compensatory and actual damages.

41. The Plaintiffs are entitled to recover costs and attorney's fees from each defendant in an amount to be determined by the Court pursuant the Kansas FCRA, K.S.A. 50-701, et. seq.

Therefore, Plaintiffs demand judgment against Equifax and Equifax LLC for compensatory, statutory and punitive damages under Count III, for Plaintiffs' reasonable attorney fees and costs, for prejudgment and post judgment interest at the legal rate, and such other relief the court deems appropriate, all jointly and severally.

## Count IV-Negligence

For Count IV of their Complaint against Equifax and Equifax LLC, the Hartls state:

42. Plaintiff realleges and reasserts each paragraph above in Count IV.

43. Each defendant owed a duty to Plaintiffs to provide accurate information on Plaintiffs credit, to have in place systems to make sure reports where accurate and errors where corrected, and to properly investigate all inaccuracies.

44. Each defendant breached that duty when they failed to provide accurate information, failed to have adequate systems in place, and failed to investigate notices of inaccuracies.

45. As a result of each Defendants breach, Plaintiffs suffered damages, including damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

Therefore, Plaintiffs demand judgment against all Defendants for compensatory and punitive damages under Count IV, jointly and severally, for prejudgment and post judgment interest at the legal rate, for the costs of this action, and such other relief the court deems appropriate.

## Count V-Negligent Misrepresentation

For Count V of their Complaint against Equifax and Equifax LLC, the Hartls state:

46. Plaintiff realleges and reasserts each paragraph above in Count V.

47. Each Defendant had false information in its credit reports relating to Plaintiffs.

48. Each Defendant failed to exercise reasonable care or competence in obtaining or communicating the information in the credit reports.

49. Each Defendant provided the false information to individuals and entities that used the false information to guide their credit decisions and other decisions with respect to Plaintiffs.

50. As a result of each Defendant providing the false information to individuals and entities, Plaintiffs suffered damages, including damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

Therefore, Plaintiffs demand judgment against all Defendants for compensatory and punitive damages under Count V, jointly and severally, for prejudgment and post judgment interest at the legal rate, for the costs of this action, and such other relief the court deems appropriate.

**Count VI-Libel and Slander**

For Count VI of their Complaint against Equifax and Equifax LLC, the Hartls state:

51. Plaintiff realleges and reasserts each paragraph above in Count VI.

52. Each Defendant communicated to third parties information about the Plaintiffs that was false.

53. As a result of each Defendants communication and publication of false information, Plaintiffs suffered damages, including damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

Therefore, Plaintiffs demand judgment against all Defendants for compensatory and punitive damages under Count VI, jointly and severally, for prejudgment and post judgment interest at the legal rate, for the costs of this action, and such other relief the court deems appropriate.

Hyland Law Firm LLC


   /s/Charles J. Hyland_____
Charles J. Hyland, KS Bar # 14613
7300 West 110th St., Suite 925
Overland Park, KS 66210
(913) 498-1911
(913) 498-1950 (fax)
Email: charlie@hylandkc.com
ATTORNEY FOR PLAINTIFF

**Place of Trial Designation**

Plaintiff designates Kansas City, Kansas as the place for the trial in this case.

**Jury Trial Demand**

Plaintiff demands a jury trial on all issues so triable.

Hyland Law Firm LLC


   /s/Charles J. Hyland_____
Charles J. Hyland, KS Bar # 14613
7300 West 110th St., Suite 925
Overland Park, KS 66210
(913) 498-1911
(913) 498-1950 (fax)
Email: charlie@hylandkc.com
ATTORNEY FOR PLAINTIFF

Exhibit 1

Exhibit 2